

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2008

# Allen v. Admn Ofc PA Courts

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4783

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Allen v. Admn Ofc PA Courts" (2008). *2008 Decisions.* Paper 1433.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1433

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-138                                                                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4783
_____

JOHN ALLEN,
                                        Appellant

v.

ADMINISTRATIVE OFFICE OF THE PENNSYLVANIA COURTS,
or The Office of the Supreme Court of Pennsylvania;
ALLEGHENY COUNTY ADMINISTRATION, PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-01617)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
February 28, 2008

Before: BARRY, CHAGARES and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 17, 2008)

_____

OPINION

_____

PER CURIAM

        John Allen named the Administrative Office of the Pennsylvania Courts or the

Office of the Supreme Court of Pennsylvania and Allegheny County Administration,

Pennsylvania, as Defendants in a lawsuit he filed in the District Court. He accused them of a criminal conspiracy under 18 U.S.C. §§ 241 & 242 and sued them for equal protection and due protection violations ostensibly pursuant to 42 U.S.C. § 1983. Although his complaint is not a model of clarity, Allen appears to allege that state claims for unpaid child support payments and unpaid foster care reimbursement payments are false and the product of a conspiracy to deprive him of his civil rights. The District Court dismissed Allen's complaint as frivolous and for failure to state a claim. Allen appeals and moves for appointment of counsel.

We have jurisdiction under 28 U.S.C. § 1291. We will dismiss Allen's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it has no arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To the extent that Allen sought to impose criminal liability under 18 U.S.C. §§ 241 & 242 on Defendants, he lacked standing to proceed. See United States v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.").

Furthermore, Allen did not assert actionable civil claims against Defendants. Neither Defendant may be considered a "person" subject to suit under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989). Furthermore, the Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Edelman v. Jordon,

2

415 U.S. 651, 663 (1974).  Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983, through which Allen ostensibly proceeds.  See Quern v. Jordon, 440 U.S. 332, 345 (1979).

For these reasons, we will dismiss Allen's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Because his appeal lacks merit, we will deny his motion for appointment of counsel.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).